UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK STEEN<br>29125 Franklin Hills Drive<br>Apt. 210<br>Southfield, MI 48034,<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WARREN SCREW PRODUCTS, INC.<br>c/o Christopher Kaspari<br>13201 Stephens Roard<br>Warren, MI 48089,<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Mark Steen, by and through undersigned counsel, and for his Complaint against Defendant Warren Screw Products, Inc. states and alleges the following:

## INTRODUCTION

1. Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated manufacturing employees, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked

over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Oakland County, Michigan.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant was a corporation organized under the laws of the State of Michigan, with its principal place of business in Warren, Macomb County, Michigan.

8. At all times relevant herein, Defendant was an employer within the

meaning of 29 U.S.C. § 203(d).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

13. Defendant manufactures metal components and operates manufacturing facilities throughout the United States.

14. Between approximately April 2021 and September 2021, Defendant employed Plaintiff as a manufacturing employee at its Warren, Michigan facility.

15. Specifically, Plaintiff worked as a shift manager.

16. At all times relevant herein, Defendant employed similarly-situated manufacturing employees at its facilities throughout Michigan whose job titles included, but were not limited to, shift manager, CNC machinist, quality control

inspector, production supervisor, and production sorter.

17. Plaintiff's duties, and the duties of other similarly situated manufacturing employees, included, but were not limited to, material handling, loading, unloading, and running machines, and supervising machine loading, unloading, and running.

18. Defendant classified Plaintiff and other similarly situated manufacturing employees as non-exempt from the FLSA's compensation requirements.

19. Defendant paid Plaintiff and other similarly situated manufacturing employees on an hourly basis.

**(Failure to Pay Overtime Compensation)**

20. Plaintiff and other similarly situated manufacturing employees regularly worked over 40 hours per week.

21. Plaintiff worked, on average, 50 to 60 hours each workweek.

22. Rather than paying overtime compensation, Defendant paid Plaintiff and other similarly situated employees straight time for each hour they worked over 40 hours per workweek.

23. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the overtime hours he worked.

### (Willful Violation of the FLSA)

24. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

26. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current manufacturing employees of Warren Screw Products, Inc. who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for any hours they worked over 40 in any workweek within the last three (3) years and the present.

27. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least one hundred persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

29. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated with respect to their claims for unpaid wages and

5

damages. Plaintiff is representative of those other employees and is acting on their behalf and his own in bringing this action.

30. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 C.F.R. § 785.24.

33. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the FLSA.

34. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation, pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

D. Award Plaintiff and the class actual damages for unpaid wages;

E. Award Plaintiff and the class pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class reasonable attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class such further relief as this Court deems just and proper.

Respectfully submitted,

s/ Jennifer Lossia McManus
Jennifer Lossia McManus (P65976)
Fagan McManus, P.C.
25892 Woodward Avenue
Royal Oak, MI 48067-0910
Phone: 248-542-6300
Facsimile: 248-542-6301
jmcmanus@faganlawpc.com

Anthony J. Lazzaro (Ohio 0077962)
Lori M. Griffin (Ohio 0085241)
Alanna Klein Fischer (Ohio 0090986)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
alanna@lazzarolawfirm.com

Dated: September 20, 2021

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Jennifer Lossia McManus
One of the Attorneys for Plaintiff

Dated: September 20, 2021

8